IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORIS K., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-291-SMD |
| ) | |
| LELAND DUDEK,[1] ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Plaintiff Loris K. ("Plaintiff") applied for Supplemental Security Income (SSI) and disability insurance benefits pursuant to Title II of the Social Security Act ("Title II") on May 24, 2021, alleging she became disabled on January 28, 2021. Tr. 240, 247. Plaintiff's application was denied at the initial administrative level and on reconsideration. Tr. 58-79. She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on November 22, 2023, that Plaintiff was not disabled. Tr. 26-47. Plaintiff appealed to the Social Security Appeals Council ("Appeals Council"), which denied review. Tr. 1. Therefore, the ALJ's order became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff appeals under 42 U.S.C. § 405(g). For the following reasons,

---

[1] Leland Dudek, the Acting Commissioner of the Social Security Administration, is substituted for Martin J. O'Malley as Defendant in his official capacity in this action. *See* FED. R. CIV. P. 25(d)(1).

the Court AFFIRMS the Commissioner's decision.[2]

## I. STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform her or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 10); Def.'s Consent (Doc. 11).

[3] *McDaniel* is an SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy she can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.   STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the ALJ applied the correct legal standards. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on her or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

For purposes of judicial review, "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F.2d at 1145.

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was 56 years old on her alleged disability onset date. Tr. 14. She has a 12th grade education and past relevant work experience as a cashier and waitress. Tr. 14; 17. Plaintiff alleged disability due to neck problems, migraines, anxiety, depression, back pain, shoulder pain, and arm pain. Tr. 50.

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date. Tr. 12. At step two, the ALJ found Plaintiff suffers from the following severe impairments: degenerative changes of cervical and thoracic spine, cervical spondylosis, cervicalgia, and chronic obstructive pulmonary disease (COPD). Tr. 12-13. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 13.

The ALJ proceeded to determine Plaintiff's RFC, finding she has the capacity to perform light work with additional functional limitations. Tr. 14. At step four, the ALJ found that Plaintiff can perform past relevant work as a cashier and waitress. Tr. 17. Because the ALJ answered negative at step four, she did not reach step 5. *McDaniel*, 800 F.2d at 1030. Accordingly, the ALJ found Plaintiff was not disabled from January 28, 2021, through the decision date. Tr. 18.

## IV.   PLAINTIFF'S ARGUMENTS

Plaintiff presents two issues for the Court's review:

(1) Whether the ALJ erred by failing to consider evidence in the record supporting a conclusion that Plaintiff met or equaled the requirements of Listing 5.08 for weight loss due to any digestive disorder.

(2) Whether the ALJ erred by failing to consider evidence in the record concerning the Plaintiff's need for supplemental oxygen.

Pl.'s Br. (Doc. 7) at 4. As explained below, the Court finds that the ALJ did not commit reversible legal error.

## V.   ANALYSIS

### 1. The Plaintiff failed to raise with the ALJ whether she met or equaled the requirements of Listing 5.08.

Plaintiff alleges that she is disabled because she meets the requirements of Listing 5.08. Pl.'s Br. (Doc. 8) p. 4. To satisfy the requirements of Listing 5.08, a plaintiff must show that she: 1) has a digestive disorder; and 2) has a measured BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart in a twelve-month period. 20 C.F.R. pt. 404, subpt. P., App'x 1, § 508. A claimant has the burden of bringing any impairments she may have to the ALJ's attention. *East v. Barnhart*, 197 F. App'x 899, 902

(11th Cir. 2006). A claimant waives any impairments not raised before the ALJ, and the ALJ need not consider these waived issues in her written opinion. *See Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)) (holding that when a claimant fails to allege disability on particular grounds when filing her claim, the ALJ is under no duty to consider it).

At no stage of the proceedings before the Commissioner did Plaintiff raise the issue of a digestive disorder, the initial element of Listing 5.08. At the initial stage, in her written application, Plaintiff does not mention or imply that she suffers from a digestive disorder. Tr. 269; 276-291; 300; 306-313; 328; 354; 359. Later, at her hearing before the ALJ, Plaintiff did not mention any digestive issues when describing her symptoms in her opening statement and then did not raise the issue during the evidentiary phase. Tr. 29-49. As a claimant cannot satisfy Listing 5.08 without a digestive disorder, the ALJ was under no obligation to consider the listing. *See Davenport v. Astrue*, 403 F. App'x 352, 354 (11th Cir. 2010) (holding that when a claimant fails to raise digestive or weight concerns in her disability application or mention the issue during the hearing, the ALJ need not focus their analysis on the issue); *East v. Barnhart*, 197 F. App'x 899, 902 (11th Cir. 2006) ("Although the ALJ must consider all the impairments the claimant alleges in determining whether the claimant is disabled. . . the ALJ need not scour the medical record searching for impairments that might be disabling. . . that have not been identified by the claimant.") (internal citations omitted); *Robinson*, 365 F. App'x at 995. Therefore, because Plaintiff did not allege a digestive order—the first element of an impairment under Listing 5.08—the ALJ did not err by failing to consider Listing 5.08.

### 2. The ALJ properly considered evidence in the record regarding Plaintiff's need for supplementary oxygen.

Plaintiff also argues that the ALJ failed to consider medical evidence in the record of her need for supplemental oxygen. Pl.'s Br. (Doc. 7) p. 8. However, Plaintiff's scant briefing of the issue, occupying less than a page, does not explain how the ALJ's consideration of her supplemental oxygen use would affect the outcome of this case, nor does she point to any cases, regulations, or statutory provisions that support reversal of the ALJ's decision on this basis. Pl.'s Br. (Doc. 7) p. 8. By failing to provide legal authority in support of her argument, Plaintiff forfeited it. *See Owens v. Soc. Sec. Admin., Comm'r*, 2023 WL 1794404, at *2 (11th Cir. Feb. 7, 2023) (holding that an issue is forfeited if raised in a perfunctory manner without supporting arguments and authority); *Sapuppo v. Allstate Floridian Ins. Co.*, 729 F.3d 678, 681 (11th Cir. 2014) (same); *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898-99 (11th Cir. 2022) (holding that perfunctory arguments with general legal support are forfeited).

But, even if Plaintiff had supported her argument, it would still fail, as the ALJ considered Plaintiff's prescription for supplementary oxygen and acknowledged it while evaluating Plaintiff's RFC. Tr. 15 ("Notes indicate prescription for home oxygen with conserver device and portability"). Plaintiff does not argue that a more in-depth analysis of the prescription for supplementary oxygen would change the ALJ's RFC determination. Additionally, the ALJ kept the record open after the hearing to allow Plaintiff an opportunity to supplement the record with additional evidence of her oxygen prescription, yet she failed to submit anything in response. Tr. 10. Therefore, to the extent Plaintiff has

not waived the issue by failing to develop it, the Court finds that the ALJ did not err by failing to consider the evidence of Plaintiff's need for supplementary oxygen.

## VI.   CONCLUSION

As explained above, the Court finds that the ALJ did not commit reversible legal error and that substantial evidence supports the Commissioner's decision. Accordingly, it is ORDERED that the Commissioner's decision is AFFIRMED. A separate judgment will issue.

DONE this 19th day of March, 2025.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE